Chloe Goad, Appellee, v. George Obernagel and Peter Obernagel, Appellants, and Carrie Hitch, Defendant.

Opinion filed November 8, 1939.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, and LORD, BISSELL & KADYK, of Chicago, for appellants.

WALTER GROSSMAN, of Belleville, and BEASLEY & ZULLEY, of East St. Louis, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

The plaintiff, Chloe Goad, brought this suit in the circuit court of St. Clair county under the Dramshop Act to recover damages for personal injuries sustained by her. The tavern keeper, Carrie Hitch, who does not join in this appeal, and George Obernagel and Peter Obernagel, the owners of the premises on which the tavern was located, were made defendants. On a trial before the court with a jury, judgment was entered on the verdict in favor of the plaintiff for the sum of $1,000 against all of the defendants. The owners of the premises appeal.

The undisputed facts are that during the night of April 17 and the morning of April 18, 1937, while Carrie Hitch operated a tavern in a certain premises in the city of Belleville, she sold and gave intoxicating liquors to Charles Schmidt; that the property in question was then owned by the defendants, George Obernagel and Peter Obernagel, who as owners permitted the occupation of their property by Carrie Hitch with the knowledge that intoxicating liquors were to be sold therein; and that at the time and place in question Charles Schmidt, while in the premises and after intoxicating liquors had been sold to him by the defendant Carrie Hitch, struck the plaintiff and fractured her jaw. In addition to these undisputed facts, the plaintiff offered evidence proving or tending to prove that Charles Schmidt, the assailant, was intoxicated at the time he assaulted the plaintiff, while the defendants offered evidence tending to prove that Schmidt was not then intoxicated.

Only three alleged errors are argued.

Defendants' first contention is that the verdict is contrary to the evidence on the ground that the plaintiff has not sustained the burden of proof as to

Schmidt's intoxication by credible evidence. Three witnesses testified for the plaintiff on this subject. They were the plaintiff, Chester Goad, her husband, and Lexie Cheek, her sister. Lexie Cheek and the plaintiff stated that at the time the plaintiff was struck Schmidt was "drunk." Chester Goad said that at that time Schmidt was "intoxicated." To meet this proof, four witnesses testified for the defendants. They were Schmidt and three police officers named Lincoln Luke, John West and Eugene Lepere. Luke and West went to the tavern in response to a call and arrived shortly after the plaintiff was injured and took Schmidt and Goad into custody and returned to the police station, where officer Lepere was on night duty. Luke testified that at that time Schmidt was not staggering, that Schmidt talked sensibly, and in his opinion he couldn't say Schmidt was intoxicated or drunk. Lepere said in his opinion Schmidt wasn't drunk. Schmidt testified that he obtained and drank five bottles of beer in the tavern before he struck the plaintiff but that he was sober and not drunk. Chester Goad assisted as bar tender and testified he served Schmidt six or eight bottles of beer. The plaintiff, Lexie Cheek and Carrie Hitch, the tavern keeper, were sisters. The tavern keeper did not defend but was defaulted and did not testify. Chester Goad is the husband of the plaintiff. The owners were the only ones who defended and brought this appeal. Counsel for the owners, in their argument, state that "a set-up such as this must be viewed with suspicion under any circumstances." The relationships of the parties are unusual facts but the jury was advised of such facts. We cannot say, as a matter of law, that because of such unusual facts the witnesses for the plaintiff did not tell the truth or that the plaintiff cannot recover. The question whether Schmidt was intoxicated was one of fact. It is peculiarly within the province of the jury to determine the weight of the evidence and the credi-

bility of the witnesses, and we cannot say from the record, as we must do if a reversal is made, that on such issue the verdict of the jury is palpably against and contrary to the manifest weight of the evidence. It is not contended that the verdict is at all excessive and it is not contended that the jury was influenced by passion or prejudice. The credibility of all and each one of the witnesses was a question which the jury had to decide. There was a conflict in the evidence and the question of the fact as to intoxication of Schmidt we hold was settled by the verdict. (*People v. Hanisch,* 361 Ill. 465; *Jones v. Esenberg,* 299 Ill. App. 551; *Carroll v. Krause,* 295 Ill. App. 552.)

The defendants next contend that the court erred in allowing the attorneys for the plaintiff to challenge peremptorily six jurors over the objection of the defendants. It is urged that under the provisions of section 66 of the Civil Practice Act (Ill. Rev. Stat. 1937, ch. 110, sec. 190 [Jones Ill. Stats. Ann. 104.066]) the plaintiff was only entitled to five challenges. This contention is untenable. On a similar contention made in the case of *Schultz v. Gilbert,* 300 Ill. App. 417, this court construed the foregoing section of the Practice Act and held that insofar as the section provides the extra peremptory challenges for one set of parties, because of numbers, it also means that the other set, either singly or in numbers, are entitled to the same ratio of peremptory challenges. There being three defendants in this case the plaintiff, under the foregoing rule, was entitled to the sixth challenge. We adhere to this construction of the section in question.

Defendants next contend that the court erred in a ruling on the admission of evidence. Counsel for plaintiff asked the witness Chester Goad the following question: "Q. What was his (Schmidt's) condition, Mr. Goad, would you say with reference to whether he was intoxicated in whole or in part?" Counsel for the defendant made the following objection: "I object to

whether he was intoxicated in whole or in part. The statute presumes he has to be intoxicated,'' which objection the court overruled. The witness answered, ''I would say he was intoxicated.'' It will be noted that the witness did not say that Schmidt was partly intoxicated. No harm was done plaintiff by the ruling for the reason that the witness replied Schmidt was intoxicated, not intoxicated in whole or in part. Furthermore, the court gave an instruction at the request of the defendants instructing the jury that the words ''in whole or in part'' in the statute are not used with reference to the intoxication of a person, that the person to whom the liquor is sold or given must, by the use of it, have become in fact intoxicated before the plaintiff can recover, that part intoxication will not meet the requirements of the law, that the statute bases the right of recovery on intoxication and not on part intoxication, and that unless the jury believed Schmidt was in fact intoxicated and that his intoxication was caused in whole or in part by alcoholic liquor sold by Carrie Hitch they should find the defendants not guilty. No instruction to the contrary was given. In view of the answer of the witness and of the giving of such instruction, we do not consider that the jury was misled by the ruling on the question.

There being no reversible error, the judgment of the circuit court is affirmed.

*Affirmed.*