Minnie Bartels, Administratrix of Estate of Henry F. Bartels, Deceased, Appellant, v. Donald McGarvey, Appellee.

## Term No. 47F14.

Opinion filed April 21, 1947. Rehearing denied May 26, 1947. Released for publication June 2, 1947.

HAROLD J. BANDY and JAMES H. BANDY, both of East St. Louis, for appellant.

· GREEN & HOAGLAND, of Alton, for appellee; KENNETH F. KELLY, of Alton, of counsel.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment entered upon a verdict in the circuit court of Madison county, Illinois, wherein a jury returned a verdict finding the appellee, Donald McGarvey (hereinafter called defendant) not guilty in an action for damages for the wrongful death of plaintiff's deceased.

This case was heretofore before this court in *Bartels v. McGarvey*, 327 Ill. App. 206, when same was reversed and remanded for another trial. The cause was retried and the defendant prevailed. Motion for new trial having been overruled, judgment was rendered on the verdict in favor of the defendant and against the plaintiff and this appeal follows.

An examination of the record discloses that this appeal does not include any considerable amount of evidence not involved in the trial of the former case. The principal occurrence witness to the accident, Martin Hauhe, did not testify upon the second trial. The only evidence as to the occurrence of the accident is presented by the testimony of William Weber, and the affidavit contained in the motion for continuance because of the absence of Maurice Sanders, a witness for the defendant. Maurice Sanders testified on the first trial and his testimony, contained in the affidavit, was admitted and read to the jury on the second trial. Counsel for plaintiff stipulated that George E. Roberts would testify as a witness, that the witness William Weber was in Roberts' place of business on July 2, 1944, after 9:00 o'clock a. m., which was the morning immediately following the accident, and that Weber said at that time that he did not see the accident, but upon hearing some noise went down to the street as Mr. Bartels was being put into an automobile.

It could serve no useful purpose to again recite in this opinion all of the evidence produced on the trial, and the recital of same as contained in the former opinion in this cause in *Bartels v. McGarvey,* 327 Ill. App. 206, *supra,* may be considered as being again set forth in this opinion.

It is contended on this appeal that this judgment should be reversed for the reasons, (First) That it is against the manifest weight of the evidence; and (Second) That arguments of counsel for the defendant in his argument to the jury constitute reversible error. This court has held that the questions of negligence, proximate cause, and contributory negligence on the part of the deceased in this case presented an issue of fact for the jury's determination and are questions upon which reasonable minds might reach a different conclusion *(Bartels v. McGarvey, supra).* That holding is the law of this case. It was binding upon the trial court upon the second trial and it is binding upon this court upon this appeal *(Tribune Co. v. Emery Motor Livery Co.,* 338 Ill. 537, 541; *Ritter v. Ritter,* 313 Ill. App. 407, 412).

Where a fair question of fact is raised by the proof an appellate court will not set aside the jury's findings as being against the manifest weight of the evidence *(Murphy v. Brichler,* 305 Ill. App. 6, 11; *Belcher v. Citizens Coach Co., Inc.,* 327 Ill. App. 618, 624). The verdict of the jury must be clearly or palpably against and contrary to the manifest weight of the evidence before a reviewing court is warranted in setting it aside *(Goad v. Obernagel,* 302 Ill. App. 370, 373).

The jury saw and heard the witnesses testify and the verdict in favor of the defendant has been approved by the trial judge, who also saw and heard the witnesses, and under these circumstances, after having very carefully examined the evidence produced on this trial, we are not disposed to say that the verdict is

against the manifest weight of the evidence, and in our opinion we would not be warranted in setting it aside.

The other assignment of error we do not believe is properly before us for consideration as a court of review. The argument now complained about, when made, was not objected to and no ruling of the court obtained thereon and cannot be complained of at this time. It is sought to bring this matter before us for determination upon an *ex parte* affidavit filed by one of the attorneys for plaintiff. The alleged improper remarks of counsel in argument to the jury are not preserved in the transcript of the proceedings on the trial and will not be considered by this court (*People v. McDonald,* 365 Ill. 233; *People v. Ladas,* 374 Ill. 419; *People v. Ritcheson,* 396 Ill. 146, 157).

Reversible error not appearing in the record in this case the judgment of the circuit court of Madison county is hereby affirmed.

*Judgment affirmed.*

BARTLEY and SMITH, JJ., concurring.