Bessie Stevenson, Appellee, v. Dr. M. W. K. Byrne and W. H. McClellan Sons, Appellants.

Gen. No. 46,253.

Opinion filed June 22, 1954. Released for publication July 9, 1954.

J. Edward Jones, of Chicago, for appellants.

Benjamin Sugar, and Bernard H. Raskin, both of Chicago, for appellee; Bernard H. Raskin, of Chicago, of counsel.

Mr. Presiding Justice Schwartz delivered the opinion of the court.

This is an appeal from a judgment on a verdict for personal injuries. Plaintiff is a tenant in an apartment building at 4025 South Parkway, Chicago. On the morning of November 6, 1951, while attempting to open the door of the vestibule leading into the street, she fell and was injured. The complaint charged six grounds of negligence against the owner and managers of the building; four related to the alleged slippery and icy condition of the stairway and two charged that plaintiff fell because of the negligent maintenance of the floor of the corridor and door leading to the street. Plaintiff abandoned the first four charges and relied on the latter two. The jury returned a verdict for $750.

Plaintiff testified that on the morning in question she left her apartment to go to work. When she reached the front door leading to the street, she found there was no doorknob on the door. She put her finger in the hole where the knob should have been, pulled at the door, and when it swung open, she stepped into a hole in the cement flooring, tripped and fell through the door onto the outside landing where ice had accu-

45

mulated on the doorsill. She was picked up by two strangers, Mr. and Mrs. Liggons, who were in an automobile and happened to see her falling through the door. They took her to work. She was unable to perform her regular duties but was given inspection duties for the day. She suffered bruises and injuries to her hand. She went to County Hospital where her hand was X-rayed and treated. The doctor who treated her testified on her behalf. No error is assigned with respect to the amount of the verdict. Plaintiff testified that the hole in the cement had been there a long time and that she had told Robert McClellan, one of the managers of the building, about it.

Defendants produced no witnesses to the accident. They rely upon the improbability of plaintiff's story, upon alleged discrepancies in her testimony, and upon the testimony of two witnesses that plaintiff made contradictory statements to them.

 The first point made by defendants is that the accident could not possibly have happened in the manner described and that, therefore, neither the jury nor the court should have found for plaintiff. We cannot agree that the physical facts relating to the premises made plaintiff's testimony so incredible as to require a directed verdict or a new trial. It is true, as defendants have argued, that the jury's verdict is not final; that the trial court should grant a new trial if the verdict is against the preponderance of the evidence, and that this court should reverse and remand if it is against the manifest weight of the evidence. The cases on this point are reviewed and the principles reaffirmed in *Read v. Friel,* 327 Ill. App. 532. But as stated in that case the determination of the trial judge and of this court must take into consideration that the jury saw and heard the witnesses and its finding on disputed questions of fact should have weight with the court. That is the rule which we apply. *Hills v. Chi-*

*cago Transit Authority,* 2 Ill.App.2d 44; *Eilers v. Chicago Transit Authority* [2 Ill.App.2d 233], No. 46198, filed March 23, 1954. In the instant case the testimony of plaintiff is supported by the testimony of a disinterested witness, and no witnesses to the contrary were produced. There is no basis for our disturbing the verdict.

 Defendants argue that the standard of care required of plaintiff with respect to contributory negligence is the same as that required of defendants with respect to the care of the premises and that, therefore, since plaintiff knew of the condition of the vestibule floor, she was guilty of contributory negligence. That is the equivalent of arguing that the use by plaintiff of the premises in its damaged condition was *per se* negligence. They cite three Illinois cases, *Village of Clayton v. Brooks,* 150 Ill. 97, 105; *Illinois Cent. R. Co. v. Anderson,* 184 Ill. 294, 305; and *City of Mattoon v. Faller,* 217 Ill. 273, 283. These cases hold that it is not *per se* negligence for a person to go upon dangerous premises. To be guilty of contributory negligence as a matter of law, it must appear that all reasonable minds would agree that assuming the facts as presented by plaintiff and all reasonable inferences that may be drawn therefrom in her favor, plaintiff is nevertheless guilty of contributory negligence. *Yess v. Yess,* 255 Ill. 414; *McCune v. Reynolds,* 288 Ill. 188; *Roadruck v. Schultz,* 333 Ill. App. 476; *Blair v. Blair,* 341 Ill. App. 93; *Grib v. Chicago Transit Authority,* 343 Ill. App. 263. We do not find that to be the case here.

██ ██ Complaint is made with respect to the instructions. In this connection we must take into consideration the fact that twenty-five instructions were offered on behalf of defendants, of which seventeen were given, and fourteen were offered on behalf of plaintiff, of which nine were given. In *Miller v. Green,* 345 Ill. App. 255, 262–3, we pointed out the burden

47

placed upon the trial court with respect to instructions. In the case before us ten instructions altogether would have been more than ample to cover the law. A multiplicity of instructions only tends to confuse a jury. An instruction offered by plaintiff outlined the duty of a landlord as that of keeping a vestibule and doors used by tenants in common in a reasonably safe condition. This should have read that the landlord was under a duty to use reasonable care. However, another instruction advised the jury that defendants were not charged with the absolute duty of keeping the premises safe but only with the duty of using reasonable care. Other instructions emphasized the same point. Taken altogether, these instructions adequately presented the case to the jury, and no reversible error was committed.

 It is argued that the negligence of defendants was not the proximate cause of the injuries. The question of proximate cause was for the jury. Two interrogatories were presented by defendants, both relating to proximate cause and both, in our opinion, improper. One related to the slippery condition of the outside portion of the front doorsill. Plaintiff was not relying upon this as the cause of her injuries. The other interrogatory did not ask the jury to find an ultimate question of fact, but whether a reasonably prudent person could have been expected to foresee that a person using the vestibule and front door at about 7:00 o'clock in the morning would be likely to receive injuries in so doing. That was not a proper form of interrogatory to submit to a jury.

*Judgment affirmed.*

ROBSON, J., concurs.

TUOHY, J., took no part.