Norma Hanck, Administratrix of Estate of Clarence M. Hanck, Deceased, Plaintiff-Appellant, v. Ruan Transport Corporation and Harold E. Law, Defendants-Appellees.

Gen. No. 9,958.

Opinion filed October 19, 1954. Rehearing denied November 30, 1954. Released for publication November 30, 1954.

COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellant.

CASSIDY, SLOAN & CASSIDY, of Peoria, for appellees.

MR. PRESIDING JUSTICE CARROLL delivered the opinion of the court.

This action was brought in the circuit court of Tazewell county to recover damages for the death of plaintiff's intestate alleged to have been occasioned by the negligence of the defendants in the operation of a motor vehicle, referred to in the complaint as a tractor-trailer transport.

The jury returned a verdict for the defendants. The trial court overruled plaintiff's motion for a new trial and entered judgment on the verdict. From such judgment plaintiff appeals.

The accident occurred at about 6:30 a. m. on January 9, 1952 in the Village of Tremont, on State Highway Route 9, which is a two-lane, hard-surfaced highway. Plaintiff's decedent, driving a Dodge sedan in which 5 other persons were riding, was proceeding west. The defendant, Harold E. Law, driving a gasoline transport truck consisting of a tractor and 2 trailers, was proceeding east. As the highway comes into Tremont from the west there is a northerly curve. At a point approximately 300 feet east of said curve the decedent's automobile came into contact with the left-rear corner of the second trailer of the transport. Plaintiff's decedent was killed in the collision.

It is plaintiff's contention that the verdict of the jury is against the manifest weight of the evidence; that the trial court erred in its rulings on the admissibility of evidence and in instructing the jury; and that plaintiff's motion for a new trial should have been granted.

If as plaintiff argues, the verdict was against the preponderance of the evidence, it then became the duty of the trial court to set it aside and grant a new trial. Likewise, if such verdict is manifestly against

the weight of the evidence, then this court should reverse and remand. *Read v. Friel*, 327 Ill. App. 532; *Stevenson v. Byrne*, 3 Ill.App.2d 43.

Determination as to whether the trial court erred in denying the motion for a new trial must be made from a consideration of the record. In this case the area of conflicting evidence may be narrowed to an interval between the time when the two vehicles met in passing and the actual contact between the left front of decedent's car and the left-rear corner of defendants' second trailer.

There appears to be no serious disagreement among the witnesses as to the speed of the two vehicles, nor does it appear from their testimony that the accident resulted from the excessive speed of either. The witnesses also appear to have agreed that there was ice on the pavement where the collision occurred. There also appears to be no dispute over the fact that there was no contact between the two vehicles until the left front of decedent's car struck the left-rear corner of the transport. Also undisputed is the fact that the collision occurred at about 6:30 a. m. and that the lights on both vehicles were burning.

The testimony of the witnesses as to the position of the vehicles on the highway at the time of the collision with reference to the center line thereof appears to be in sharp dispute. The defendant Law testified that neither prior to or at the time of the accident was his vehicle on the left or decedent's side of the black or center line of the highway, and that as the transport proceeded around the curve no part of the transport swayed to the left or north of the black line. The witness Clyde Dively, a passenger in decedent's car, testified that he had a clear view of the approaching truck; that it was overriding the center line of the highway about 1½ feet as it came around the curve; that he said

nothing to anyone in the car with reference to the manner in which the transport was being driven; that he felt no sudden movement of decedent's car prior to the collision; that the decedent's car did not skid; that the car collided with the left-rear wheel of the second trailer of the transport; and that the car spun and came to a rest on the north side of the pavement, facing southwest.

Wilhelmina Ummel, a passenger in decedent's car, testified she did not see the transport until the decedent's car had passed the front thereof. Her testimony threw no light on the question as to the movements of the transport on the highway prior to the actual collision. The witness, Jeannie Morris, a court reporter, testified that two days after the occurrence she took down questions asked of the witnesses Dively and Ummel by a Mr. O'Hara, who was investigating the accident, and their answers to said questions; that the witness Dively in answer to a question put to him by O'Hara, stated he was not awake when the accident happened; that he woke up after the collision; that witness Ummel, in answer to questions asked of her by O'Hara, stated she did not know what made the cars strike; and that Dively, who was sitting beside her in decedent's car, was asleep at the time of the accident.

Henry Steghorst, plaintiff's witness, and defendants' witness, Arthur O. Stein, both testified they saw the truck on the highway prior to the collision. Steghorst testified he followed the truck from a point several miles west of Tremont; that it swerved back and forth across the center line of the highway several times; that the truck was thus swerving when it was within 100 feet of decedent's car; that decedent's car remained on the pavement at all times up to the actual collision; and that there was nothing to obstruct decedent's view of the oncoming truck. The witness Stein testified he

377

drove behind the truck on Route 9 at a distance of from 600 to 800 feet, but did not see the truck cross the black line.

There was testimony by a state police officer and a deputy sheriff as to the location of the vehicles after the accident, and also as to marks on the pavement. The state police officer also testified that he interviewed the witness Ummel at the Pekin Hospital on the day of the accident; that in answer to his question as to what happened, the witness Ummel said that the driver of the car in which she was riding became confused.

H. A. Fleener, a witness for the plaintiff, testified defendant Law told him at the scene of the accident "that he got to skidding." Law in his testimony denied making such statement.

Photographs of the two vehicles are in evidence. These pictures, together with the testimony of witnesses who referred thereto, undoubtedly were helpful to the jury in reaching a decision as to the cause of the accident.

There appears to have been no disagreement between the witnesses as to the fact that the accident occurred in Tremont about 300 feet east of the easterly end of a curve in Route 9 as it enters the Village.

Plaintiff sought to prove by the testimony of the witness, Theodore M. Hanck, a cousin of decedent, that while riding in a car at a point a quarter of a mile west of the westerly end of the curve, he observed the second trailer, or pup of defendants' transport, was swinging across the center line of the highway and that it crowded the car in which the witness was riding off to the edge of the road. The trial court sustained an objection to this testimony, and the same was ordered stricken. The court also rejected an offer of proof as to such testimony by the witness. Plaintiff's counsel then informed the trial court that four witnesses who were

riding with Theodore M. Hanck at the time and place to which he testified were present in court and ready to testify to the same effect as did the witness Hanck, and that without calling such witnesses to the stand he was making an offer of proof as to their testimony. An objection to such offer was sustained.

 From the foregoing it seems apparent that there was conflicting proof before the jury upon the questions of due care of the decedent, negligence of the defendants, and the proximate cause of the collision. The findings of the jury as to these disputed fact questions will not be set aside unless this court can say that such findings are clearly or palpably against and contrary to the manifest weight of the evidence. *Bartels v. McGarvey,* 331 Ill. App. 275; *Goad v. Obernagel,* 302 Ill. App. 370; *Fisher v. Illinois Terminal R. Co.,* 350 Ill. App. 555; *Jones v. Esenberg,* 299 Ill. App. 551. Determination as to the weight of the evidence is the function of the jury, and in making the same, not only the testimony of the witnesses, but all the facts and circumstances shown by the proofs are factors properly taken into account.

 In the instant case, we deem it important to point out certain circumstances shown by the record which the jury might properly consider. One of these is the fact the accident occurred at a time of day, which several of the witnesses referred to as daybreak, which is that period between darkness and daylight when as a matter of common knowledge, visibility is not good. At such time extreme alertness is required of the driver of a motor vehicle. It also appears that three of the passengers in decedent's car were admittedly asleep. There was a dispute as to whether another of the passengers was awake prior to the accident. It also appears to be undisputed that decedent had a clear view of defendants' transport as it approached on the high-

way and was in a position to observe whether it swerved across the center line thereof, and the proof is that decedent did not alter the course of his car on the pavement. If decedent could have seen defendants' transport approaching on the wrong side of the highway, it is a strange circumstance that he failed to alter or change the course in which he was driving his car. The fact that the front part of the two vehicles passed without contact is a circumstance indicating each of said vehicles were at that time being driven in their proper traffic lanes. We think these circumstances, which the jury had a right to take into consideration, reasonably lend support to defendants' theory as to the cause of the accident.

██ It is true the evidence in the instant case is conflicting. However, the rule is well established that a court will not set aside a verdict merely because such conflict exists. In judging the weight of the evidence, the jury is aided by its view of the witnesses as they testify, and such fact carries weight with a court. *City of Monticello v. LeCrone,* 414 Ill. 550; *People v. Bond,* 281 Ill. 490.

 The burden of proving the material allegations of her complaint by the greater weight of the evidence rested upon the plaintiff. In deciding upon their verdict the jury not only had the right, but owed the duty of taking into consideration not only the testimony of the several witnesses, but all the facts and circumstances surrounding the occurrence as shown by ·the evidence.

██ Upon a careful review of all the evidence, we have reached the conclusion that the verdict is not against the manifest weight thereof, and the trial court did not err in denying plaintiff's motion for a new trial.

██ Plaintiff further argues that the trial court erred in its ruling on the admissibility of the testimony

of the witness, Theodore M. Hanck and of the four passengers in his car. The record indicates the trial court ordered stricken the answer of the witness Hanck, which was to the effect that as he met the defendants' truck coming into Tremont, the second trailer was swinging across the center line which crowded his car off to the edge of the road. An offer to prove by the witness the same statement that was stricken was upon objection rejected. The plaintiff's counsel then offered to prove the same statement as was stricken by the testimony of four passengers who were in the car of the witness Hanck. This offer of proof was also refused. It appears that when the witness Hanck observed the movements of the transport to which plaintiff sought to have him testify, the car of the witness was a quarter mile west of the westerly end of the curve in the road. It is undisputed that the contact between the two vehicles occurred some 300 feet east of the easterly end of the curve, and that the curve was 500 feet long. There is nothing in the testimony of the witness Hanck or the passengers in his car as offered which indicates that such testimony would show any observation of the manner in which the transport was being driven from the time witnesses observed the same until the collision occurred. Under these circumstances we think the trial court properly sustained defendants' objection to the admissibility of the offered testimony. Even admitting that the defendants' vehicle did cross the center line of the highway at a point more than 800 feet east of the scene of the accident, such fact would not in itself tend to prove that such vehicle was being negligently operated just prior and at the time of the actual collision. The cases cited by plaintiff do not appear to sustain the argument that the proof offered in the instant case was material in the absence of a showing that the truck continued to swing across

381

the highway from the point where observed by the witnesses to the point of collision. Under the circumstances shown by the record, we are of the opinion that the trial court properly exercised its discretion in sustaining the objection of defendants to the offers of proof. *Lonergan v. Stewart*, 55 Ill. 44; *Guffey v. Gale*, 332 Ill. App. 207; *Pittman v. Duggan*, 336 Ill. App. 502.

Plaintiff makes a further contention that refusal of the trial court to strike the testimony of the witness Jeannie Morris was prejudicial to plaintiff's rights. Plaintiff's criticism of the testimony of this witness is on the ground that she was permitted to read from a transcript instead of testifying from her original shorthand notes. The record indicates that the witness prior to reading from the transcript, testified that she took down the questions and answers to which she testified; that she later transcribed the same into typewriting; and that she was reading from a transcription of said shorthand notes. It does not appear that the cross-examination of the witness was restricted in any manner by her failure to produce the original shorthand notes. In *Luetgert v. Volker*, 153 Ill. 385, it was held proper to permit a stenographer to read from a transcript made from original shorthand notes. It was likewise held in *Hereford v. People*, 197 Ill. 222. We think these authorities to be applicable to the point argued by the plaintiff in the instant case. The trial court did not err in overruling plaintiff's objection to the testimony of the witness Morris.

Plaintiff devotes some argument to the proposition that the court erred in giving instructions to the jury on a theory of law not applicable to the case. As a basis for such argument, plaintiff contends that there was no evidence of contributory negligence before the jury. An examination of the given instructions satisfies this court that the jury were properly instructed on the law applicable to the case.

This court has given careful consideration to other points relied upon by the plaintiff and concludes that they do not support a reversal of the judgment.

Finding no reversible error in the record, the judgment of the circuit court of Tazewell county is affirmed.

*Affirmed.*