**Linton LeMay, Plaintiff-Appellee, v. William K. Jenkins, Defendant-Appellant.**

**Gen. No. 10,004.**

Third District.

May 16, 1955.

Released for publication June 1, 1955.

Correnti & Godfrey, of Litchfield, for defendant-appellant.

Omer Poos, of Hillsboro, for plaintiff-appellee.

MR. JUSTICE HIBBS delivered the opinion of the court.

The appellee, Linton LeMay commenced this suit in the circuit court of Montgomery county against the appellant, William Jenkins to recover for personal injuries and damages to his automobile as the result of a collision at the junction of Route No. 16 (School street) and Anna street in the City of Hillsboro at about 5:15 in the afternoon of October 6, 1951. Appellant answered and filed a counterclaim to recover damages to his vehicle. The jury returned a verdict in favor of appellee in the sum of $800 and found him not guilty on the counterclaim. Motions by appellant for judgment notwithstanding the verdict and for a new trial were overruled and judgments were entered in conformity with the verdicts.

██ ██ Appellant contends the trial court erred in denying his motion for a directed verdict at the close of the evidence for plaintiff, and also a like motion at the close of all the evidence, and in refusing to grant a new trial. It is not clear from appellant's brief and argument whether he is attempting to rely upon his motion for a directed verdict at the conclusion of the evidence for plaintiff. Upon the denial of such motion he offered evidence in rebuttal of the plaintiff's case and in support of his counterclaim, and thus waived the right to assign error on that ruling. (Goldberg v. Capitol Freight Lines, Ltd., 314 Ill. App. 347; Hirshman v. National Mineral Co., 311 Ill. App. 169.) Appellant's motion for directed verdict at the close of all the evidence and for judgment notwithstanding the verdict preserves for review the question of law as to whether when all the evidence is considered together with all reasonable inferences from it, in its aspect most favorable to the plaintiff, there is a total failure of evidence to prove any necessary element of plain-

59

tiff's case. (Heideman v. Kelsey, 414 Ill. 453, 457; Hughes v. Bandy, 404 Ill. 74.) A determination of this question and the ruling of the court denying a new trial require a statement of the essential facts in the cause.

The undisputed evidence is that Route No. 16 (School street), a paved thoroughfare 30 feet in width, runs east and west through the City of Hillsboro. Anna street, of like width, runs north and south and forms a T junction with the south line of Route No. 16. It does not extend north of such thoroughfare. The customary stop sign was located on the east side of Anna street near the junction. The afternoon or early evening was rainy and misty and the pavement was wet. Appellee, driving east on Route No. 16 in a 1940 sedan with headlights on dim, was approaching the junction with Anna street. Two automobiles were going west, the head car preparing to make a left turn onto Anna street, which necessitated appellee driving close to the south curb. Appellant, with his wife as a passenger, was driving north in a Mercury sedan on Anna street and stopped near the stop sign. As appellee's automobile entered the intersection, appellant drove into the junction and commenced to make a right turn onto the thoroughfare. Appellee's automobile struck appellant's vehicle at the left front door, and as a result, appellant's car went over the south curb and stopped in front of a house 75 or 80 feet east of the intersection. Appellee did not have time to apply his brakes before the collision. As a result of the accident, the brake fluid line in his automobile was broken and appellee had no braking power. His vehicle crossed the north curb of Route No. 16, the left front wheel striking a piece of concrete veering it to the east partially into a secondhand store constructed of ship-lath, or other like construction, located at a point about 100 feet from the point of collision. When it came to rest, the right

front wheel was off, the steering box and the brake fluid line broken and the tie rod bent.

Appellant's negligence in turning onto the thoroughfare in front of appellee's approaching car is conceded. The only fact in controversy involves the speed of appellee's vehicle. The accident occurred in an area posted for 25 miles per hour. Appellee testified he was travelling at 25 miles per hour, and the witness, Mackey, estimated the speed at 20 to 25 miles. The only time appellant saw the LeMay automobile was when it was 300 to 450 feet west of the junction. He estimated appellee's speed at 40 to 45 miles per hour, and a witness walking on the sidewalk said it was going pretty fast.

Appellant contends that the evidence adduced by appellee does not rise to the dignity of substantial evidence and should be wholly disregarded for the reason that it controverts human experience and common knowledge and is repugnant to common sense.

■ Tested by the rule above set forth, the statement of facts clearly shows that the trial court did not err in denying the motion for a directed verdict made at the close of all the evidence, nor in refusing to enter judgment notwithstanding the verdict.

■ The only remaining question involved is does the manifest weight of the evidence show want of due care on appellee's part, which contributed to his injury and damage to his motor vehicle. In Hanck v. Ruan Transport Corp., 3 Ill.App.2d 372 at page 379, we said: "From the foregoing it seems apparent that there was conflicting proof before the jury upon the questions of due care of the decedent, negligence of the defendants, and the proximate cause of the collision. The findings of the jury as to these disputed fact questions will not be set aside unless this court can say that such findings are clearly or palpably against and contrary to the manifest weight of the evidence. Bartels v. McGarvey, 331 Ill. App. 275; Goad v. Obernagel, 302

Ill. App. 370; Fisher v. Illinois Terminal R. Co., 350 Ill. App. 555; Jones v. Esenberg, 299 Ill. App. 551. Determination as to the weight of the evidence is the function of the jury, and in making the same, not only the testimony of the witnesses, but all the facts and circumstances shown by the proofs are factors properly taken into account."

In this connection we point out that appellant claims he stopped at the stop sign, looked to the west and saw appellee coming at a distance of 300 to 450 feet, then looked to the east and entered the junction, but the first westbound car was then waiting there so that a left-hand turn into Anna street could be made with safety. The only time appellant saw appellee's vehicle was at a distance of 300 to 450 feet from the junction, and how he was able to estimate the speed of the eastbound car is not explained by the evidence. Neither does the evidence indicate why appellant attempted to turn onto the thoroughfare when he knew that the approaching car was travelling at the speed he estimated.

We have carefully examined the photographs in evidence showing Route No. 16, the curbs on each side thereof, the rock which the left front wheel of appellee's car struck, the building occupied by the secondhand store, and of appellant's automobile, and conclude from such photographs as well as all other matters in the record that the evidence adduced by appellee is not so improbable as to justify either the trial court or this court in determining that appellee's case, as there made, was not worthy of belief. The credibility of the witnesses, the due care of appellee and the proximate cause of the collision was for the jury, and the trial court having approved their verdict, this court would not be justified in reversing the cause and remanding it for a new trial. (Blumb v. Getz, 366 Ill. 273, 277; Thomas v. Buchanan, 357 Ill. 270, 277; Heil v. Kastengren, 328 Ill. App. 301, 306, 307.)

The judgment of the circuit court of Montgomery county is affirmed.

Judgment affirmed.