**Leonard Flesberg, Plaintiff-Appellee, v. Prince Warehouse Co., Inc., a Corporation, and LeRoy H. Nelson, Defendants-Appellants.**

Gen. No. 11,606.

Second District, Second Division.

September 4, 1962.

23

Cassidy & Cassidy, of Peoria (Thomas V. Cassidy, of counsel), for appellants.

Lowell R. McConnell, of Peoria and Ross M. Canty, of Wenona, for appellee.

WRIGHT, P. J.

This case was commenced in the Circuit Court of Marshall County by plaintiff, Leonard Flesberg, against the defendants, Prince Warehouse Co., Inc., and LeRoy H. Nelson, to recover damages for personal injuries sustained by plaintiff. The case was tried before a jury, which returned a verdict in favor of the plaintiff against both defendants, in the sum of $10,000. Post-trial motions were overruled and judgment was entered on the verdict. From this judgment, defendants appeal.

As grounds for reversal of the judgment, defendants contend: That the verdict of the jury is contrary to the manifest weight of the evidence; that the evidence fails to prove that defendants were guilty of negligence; that plaintiff failed to prove that he was in the exercise of due care for his own safety; that the trial court committed reversible error in admitting certain testimony of plaintiff witnesses, LeRoy Kenney and Robert Soberri, with respect to the manner in which defendants' truck was being operated prior to the collision and that the court erred in not admitting into evidence Defendants' Exhibit No. 6.

The collision out of which this case arises occurred at about 10:20 p. m. October 13, 1957, on U. S. Highway 51 between the towns of Rutland and Wenona in Marshall County, Illinois. At the point of the collision, Highway 51 runs in a northerly and southerly direction and is a two lane, 18 foot highway divided by a centerline.

The plaintiff was driving his 1953 Buick automobile in a southerly direction and the defendant, LeRoy H.

24

Nelson, who was an employee of the defendant, Prince Warehouse Co., Inc. was driving its tractor-trailer truck in a northerly direction. There were no eye witnesses to the collision except the plaintiff and defendant, LeRoy H. Nelson. Both vehicles were proceeding at approximately 45 to 50 miles per hour with their headlights burning. There were no vehicles between plaintiff's automobile and defendants' truck as they approached each other.

The determination of the location of the vehicles on the highway at the time of the impact was the principal question presented to the jury in this case.

The collision occurred north of a Santa Fe Railroad viaduct which spans Highway 51. Some witnesses, including the defendant, LeRoy H. Nelson, placed the point of impact as one mile north of this viaduct, and other witnesses, including the plaintiff, testified that the location of the impact was one quarter of a mile north of the viaduct.

The plaintiff's testimony was rather hazy and conflicting as to the actual impact. He testified that he had no independent recollection about the two vehicles coming together. He stated, "I would say, at the last second or two she came over and caught me." He further testified that he was positive that his car was in his lane of traffic at the time of the collision and it appeared to him that the truck was coming at him.

The defendant, LeRoy H. Nelson, testified that he was in his proper lane of traffic proceeding north and when plaintiff's automobile was 75 to 80 feet from him, it came over the centerline into his lane of travel striking his truck. Nelson further testified that he observed the highway following the collision and that there were gouge marks on the pavement in the north bound lane and there was oil, water and debris all over the highway, but most of it was in the north bound lane next to the tractor-trailer. He further testified that he did not observe any skid marks on the pavement.

25

Wayne A. Tealby, a state trooper who investigated the collision, was called as a witness by defendants and testified that there were oil slicks completely across the road; some gouge marks on the east side of the centerline and some tire marks running along the edge of the hard road on the east side apparently made by the truck.

Robert Soberri, who was called as a witness by the plaintiff, testified that on the night of the occurrence in question, he was proceeding north on Highway 51 in his automobile in which LeRoy Kenney was a passenger, and that they came upon a tractor-trailer truck similar to defendants about one mile south of the Santa Fe Railroad viaduct and that at this point the truck was to the left of the centerline of Highway 51 when they were passing it. LeRoy Kenney was called by plaintiff and testified that he and Soberri started to pass the tractor-trailer truck about a quarter of a mile south of the Santa Fe Railroad viaduct and one-half mile or 2,640 feet south of the point of the collision. He stated that as they started to pass the truck it veered to the left with the back dual wheels coming over the centerline and they were forced to take to the west shoulder of the road with the left wheels of their car, and that after they passed the truck at this point they did not see it proceeding north any further. Neither of these witnesses could testify as to what the truck did or how it was driven from the point where they passed it until the time of the collision. Kenney testified that as they passed the truck, he saw the words "Prince Warehouse" printed on the side of the truck. Soberri testified that the only means he had of identifying the truck as the one that was involved in the collision was from what Kenney had told him. All of the testimony of Soberri and Kenney with reference to the manner in which the truck was being oper-

26

ated when they passed it south of the point of the collision was admitted over strenuous objection of defendants.

Defendants urge that the trial court committed reversible error in admitting the testimony of Soberri and Kenney as to the manner in which defendants' truck was being operated at a point too remote from the scene of the collision, that such testimony was irrelevant, immaterial and that this testimony had a prejudicial effect upon defendants' case and was not competent for any purpose.

It appears from the testimony of Soberri and Kenney which was admitted in evidence that they observed the movements of defendants' tractor-trailer truck at least one-half mile south of the point of collision. There is nothing in the testimony of these witnesses which indicates that they made any observations of the manner in which the defendants' tractor-trailer truck was driven or operated from the time they saw it about one-half mile south of the point of collision until the collision occurred. Admitting that the defendants' tractor-trailer truck crossed over the centerline of the highway at a point at least one-half mile south of the scene of the collision, such evidence is not proof that defendants' vehicle was being operated in a negligent manner immediately prior to and at the time of the collision in question. Hanck v. Ruan Transport Corp., 3 Ill App2d 372, 122 NE2d 445.

■ ■ We are of the opinion that the trial court erred in admitting the testimony of LeRoy Kenney and Robert Soberri concerning the operation of defendants' truck at a too remote distance from the point of collision. The manner of operating a motor vehicle at some place remote from the happening in controversy can be varied or changed innumerable times in the interim. Conceding that defendants' truck did

27

cross the centerline of the highway one-half mile south of the point of collision, such fact or facts would not in itself tend to prove that such vehicle was being negligently operated just prior to and at the time of the actual collision.

■ ■ From our review of the record, including the photographs admitted in evidence, we cannot say as a matter of law that the verdict was contrary to the manifest weight of the evidence. There was conflicting proof before the jury upon the questions of plaintiff's due care, negligence of the defendants and the proximate cause of the collision. The findings of the jury as to these controverted questions of fact will not be set aside unless such findings are clearly or palpably against and contrary to the manifest weight of the evidence. Bartels v. McGarvey, 331 Ill App 275, 73 NE2d 123.

■ The Record Librarian for St. Mary's Hospital in Streator was called as a witness for the defendants and produced a hospital history record of the plaintiff consisting of nineteen sheets, which she stated were notes made by the doctors and nurses when the plaintiff was a patient in the hospital from August 6, 1957, to August 11, 1957. This hospital history chart was identified for the purpose of the record as Defendants' Exhibit No. 6 and offered by the defendants on the theory that it constituted a business entry made in the ordinary course of business of the St. Mary's Hospital. We are of the opinion that the trial court properly refused this exhibit.

■ ■ Plaintiff's motion to strike the Abstract of Record herein was taken with the case. This motion is denied. However, we do not approve of defendants' method of emphasizing certain testimony in the Abstract of Record by capitalizing and italicizing same. Miezio v. Miezio, 6 Ill2d 469, 129 NE2d 20.

28

The judgment of the Circuit Court of Marshall County is reversed and the case remanded for a new trial.

Reversed and remanded.

CROW and SPIVEY, JJ., concur.