438 F.2d 303
 Rose DIGREGORIO, as widow of Michael DiGregorio, Rose
DiGregorio, as Administratrix of the Estate of
Michael DiGregorio, and Rose DiGregorio,
individually, Plaintiff-Appellant,
v.
INDUSTRIAL SUPPLY CORPORATION OF ORLANDO, INC. (Formerly
known as Steel Products of Orlando, Inc.) and Isie
Lee Barnes, Defendants-Appellees.
 No. 29819.
 United States Court of Appeals, Fifth Circuit.
 Feb. 12, 1971.
 
 Walter F. McQuade, Daniel C. George, Miami, Fla., for plaintiff-appellant.
 Heskin A. Whittaker, Orlando, Fla., for defendants-appellees.
 Before JOHN R. BROWN, Chief Judge, TUTTLE and GODBOLD, Circuit Judges.
 TUTTLE, Circuit Judge:
 
 
 1
 The plaintiff, the appellant here, Mrs. Rose DiGregorio, individually and as widow and administratrix of her deceased husband, appeals from a judgment based on a jury verdict against her in an automobile liability case.
 
 
 2
 The appeal is based on two serious contentions. The first is that the trial court erred in charging the jury as to a presumption of negligence arising on the part of an overtaking vehicle. This, in turn, is divided into two separate contentions, the first being that it is never proper to charge the overtaking vehicle presumption to a jury, but the presumption is merely a rule that puts the burden on the overtaking vehicle to come forward with proof; the other being that, even if it is ever permissible to charge the jury on the presumption, it is not permissible when there is any evidence to rebut the assumption that the overtaken vehicle is itself 'within its proper place on the highway and the operator of the leading vehicle is exercising due care.'
 
 
 3
 The second point on appeal is that the trial court erred in permitting two witnesses to testify as to certain conduct as to the driver of the plaintiff's vehicle some distance from, and entirely unconnected with, the collision that produced this injury and lawsuit.
 
 
 4
 Briefly capsulated, the evidence available to the jury when the case was submitted may be stated as follows:
 
 
 5
 Mrs. DiGregorio, driving a black Chrysler car, was some three hundred feet away, according to the testimony of a highway patrolman who was following her car, when a thirty foot long flat bed steel carrying truck entered the highway, entering the right lane of the northbound part of a fourlane highway, the lane on which the DiGregorio car was approaching. Mrs. DiGregorio was driving at approximately sixty miles an hour (not above the speed limit) and she was overtaking a station wagon which was in the left lane of the northbound section of the highway. As the highway patrolman saw Mrs. DiGregorio's car running up to the rear end of the truck he saw the front end dip and saw evidences of burning tires as she applied the brakes. She then sought to squeeze between the rear end of the truck and the station wagon which, by this time, she had barely passed. The driver of the station wagon took evasive action, turned sharply to the left and went out on the median, as did Mrs. DiGregorio's car after colliding with the rear end of the truck. Mrs. DiGregorio's husband died as a result of injuries he received in the accident.
 
 
 6
 The foregoing evidence is given most favorably to the plaintiff, because it is from that point of view which we must view it in determining the propriety of the judge's charge to the jury dealing with the rear end collision presumption. There was also evidence that the truck entered the highway when Mrs. DiGregorio's car was a quarter of a mile down the road. There was no proof that the truck, going at what appellees' brief states may be reasonably assumed to be approximately ten miles an hour, could have safely entered the right hadn lane under the circumstances admitted by all to be true, and have kept ahead of the DiGregorio car without interfering with its speed or without, in fact, making it difficult, if not impossible, for her to have stopped completely. We are not enlightened as to the absolute requirements of the Florida law with respect to the duty of a vehicle entering a highway such as the divided highway, U.S. No. 1, about entering only when it can be done without interfering with the flow of traffic. In any event, there was ample evidence here from which the jury could have found that the driver of the flat bed truck was negligent and that Mrs. DiGregorio was not negligent.
 
 
 7
 The charge objected to by the appellant was as follows:
 
 
 8
 'I charge you as a matter of law that a presumption of negligence arises on the part of an overtaking vehicle in an accident involving a rearend collision where the leading vehicle is located within its proper place on the highway and the operator of the leading vehicle is exercising due care. If you find from the evidence that the operator of the Defendant truck was exercising due care and that the Defendant truck was in its proper place on the highway, and if you further find that the Plaintiff operated the overtaking vehicle and struck the rear of the truck, a presumption of negligence is raised on the part of the Plaintiff. Under such circumstances the burden would be upon the Plaintiff to overcome the presumption of negligence by producing evidence reflecting due care on the part of the Plaintiff.'
 
 
 9
 We conclude that the Florida Supreme Court has spoken with great precision with respect to the principle of law here involved. In Gulle v. Boggs, Fla., 174 So.2d 26, at page 28, the court says:
 
 
 10
 'We have stated that the presumption announced in McNulty, and subsequently followed, is rebuttable. It is constructed by the law to give particular effect to a certain group of facts in the absence of further evidence. The presumption provides a prima facie case which shifts to the defendant the burden to go forward with the evidence to contradict or rebut the fact presumed. When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, then the impact of 'the presumption is dissipated.' Whether the ultimate fact has been established must then be decided by the jury from all of the evidence before it without the aid of the presumption. At this point the entire matter should be deposited with the trier of the facts to reconcile the conflicts and evaluate the credibility of the witnesses and the weight of the evidence.
 
 
 11
 'When the matter goes to the jury in this posture it must be without the aid of the presumption, which has been reduced to the status of a permissible inference or deduction which the jury may or may not draw from the evidence before it. Johnson v. Mills, Fla., 37 So.2d 906; Leonetti v. Boone, Fla., 74 S0.2d 551; Tyrrell v. Prudential Insurance Company, 109 Vt. 6, 192 A. 184, 115 A.L.R. 392 * * *.'
 
 
 12
 'The defendant here argues that the language 'which fairly and reasonably tends to show that the real fact is not as presumed' puts on the rear vehicle not only the duty of introducing evidence negating his negligence, but also the burden of overcoming what the trial court states is a 'presumption' charged as 'a matter of law.'
 
 
 13
 Without having attempted to state fully the countervailing evidence contradicting what has been outlined above, it is perfectly patent that at the time Mrs. DiGregorio's Chrysler car hit the rear end of the truck there was ample evidence from which the jury could have found that the entire accident was the fault of the driver of the flat bed truck, who, according to evidence which the jury could well have found to be credible since it was given by a highway patrolman in a position to view the entire scene, entered the right lane of a four lane highway after a 'two second' stop and proceeded directly in front of the DiGregorio car traveling sixty miles an hour when the truck itself may be 'presumed,' according to appellees' brief, to have been traveling at ten miles an hour, at a time when the left hand lane of the northbound section of the highway was occupied by another vehicle, leaving Mrs. DiGregorio no place to go, unless she could stop before she reached the truck. It must be borne in mind that even though there was conflicting evidence, which would have placed the plaintiff's car at a greater distance from the truck at the time it entered the highway, this is a matter strictly for jury determination and it takes nothing away from the evidence favorable to the plaintiff as evidence tending to contradict the presumed fact, namely the negligence of the vehicle striking from the rear.
 
 
 14
 Moreover, we conclude that the appellant is correct in her contention that this presumption is not the proper matter of a charge to the jury under any circumstances. As stated by the Fourth District Court of Appeals of Florida in its decision in Nationwide Mutual Insurance Co. v. Griffin, 222 So.2d 754, 756:
 
 
 15
 'A presumption is a rule of law which attaches to certain evidentiary facts and is productive of certain procedural consequences. The presumption is not itself evidence and has no probative value * * * when credible evidence comes into the case contradicting the basic fact or facts giving rise to the presumption, the presumption vanishes and the issue is determined on the evidence just as though no presumption had ever existed. * * * the presumption * * * is not a matter for the jury to consider.'
 
 
 16
 The Supreme Court in Gulle v. Boggs, although the issue of charge to the jury was not present in that case, stated: 'When the matter goes to the jury * * * it must be without the aid of the presumption * * * 'presumptions disappear when facts appear; and facts are deemed to appear when evidence is introduced from which they may be found."
 
 
 17
 We conclude that the Florida courts have held that in the absence of proof, tending to show that the driver of the overtaken vehicle was negligent or tending to prove that the overtaking vehicle was not negligent, there is a presumption which places a burden on the overtaking vehicle to establish a defense. This is the limit of the presumption and the sole effect that is given to it. It is not a matter to be charged to the jury, especially in a case in which there is ample evidence to contradict the assumptions on which the presumption is said to stand.
 
 
 18
 In view of the fact that the case must be remanded for further trial, we think it appropriate to comment further that the testimony given by two witnesses to the effect that they had seen the DiGregorio car standing still in the right hand lane of the north bound section of the highway (there, of course, being a left hand lane available for passing) at a distance of a mile to one mile and a half from the collision with the flat bed truck was prejudicial error. There was absolutely no connection with what occurred on the highway as a result of Mrs. DiGregorio's slowing or stopping her car, apparently to look for a sign, as testified to by one witness, and her collision with the rear end of the truck which, at the time of her stopping had not even approached the highway. The introduction of such evidence could merely be for the purpose of permitting the jury to infer that there was something wrong with Mrs. DiGregorio as a driver and that whatever was wrong with her could be taken as proof of her negligence at the time of the collision with the truck.
 
 
 19
 Neither party cites any Florida cases relating to this point. However, we think none is necessary. We feel that the Florida courts would follow the rule announced in Flesberg v. Prince Warehouse Co., 37 Ill.App.2d 22, 24, 184 N.E.2d 813, 815, where the court said:
 
 
 20
 'The manner of operating a motor vehicle at some place remote from the happening in controversy can be varied or changed innumerable times in the interim. Conceding that defendants' truck did cross the centerline of the highway one-half mile south of the point of collision, such fact or facts would not in itself tend to prove that such vehicle was being negligently operated just prior to and at the time of the actual collision.'
 
 
 21
 The judgment is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.