EDWARD J. STRASMA, Plaintiff-Appellant, v. VIRGINIA A. RAGER, Defendant-Appellee.

Third District No. 3—87—0237

Opinion filed March 7, 1988.

BARRY, P.J., dissenting.

Charles J. Hughes, of Lester Berry Smith, Ltd., of Peoria (Steven P. Glancy, of counsel), for appellant.

Duncan B. Cooper III and Karen L. Kendall, both of Heyl, Royster, Voelker & Allen, of Peoria (Daniel L. Schmidt, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal from a judgment entered upon a verdict in the circuit court of Tazewell County. The jury returned a verdict finding the defendant not guilty of negligence in an action arising out of an automobile collision. We affirm.

This case was previously before this court in *Strasma v. Rager* (1986), 145 Ill. App. 3d 826, after a jury rendered a verdict in favor of the defendant and the plaintiff appealed. In the first appeal, we determined that contrary to the plaintiff's assertions, his motions for a di-

rected verdict and a judgment *n.o.v.* were properly denied because we could not say that the inferences which might reasonably be drawn from the evidence so overwhelmingly favored the plaintiff that no contrary verdict could ever stand. (*Strasma*, 145 Ill. App. 3d at 830.) However, finding that the trial court erred in allowing an improper and prejudicial question to be asked of the defendant, we reversed the judgment and remanded the cause for a new trial. After retrial and a verdict for the defendant, the plaintiff filed this appeal, alleging the trial court erred in refusing to grant a directed verdict or a judgment *n.o.v.* on his behalf.

The parties agree, and an examination of the record discloses, that the evidence presented at both trials was virtually identical. The facts were set forth in detail in the prior opinion and need not be reiterated in full here. For purposes of this appeal, it is sufficient to note that on a misty morning, as the plaintiff drove on a two-lane road, he was followed by a pickup truck driven by Jerri Ramey. The defendant drove behind Ramey's vehicle. The plaintiff stopped because cars were backed up from the intersection ahead of him; Ramey applied her brakes, slid, and drove her truck to the right and down an incline to avoid colliding with the plaintiff. Ramey testified that before she left the roadway, she noticed the defendant's car and did not believe it was following her truck too closely. After the defendant observed the pickup truck leave the road, she saw the plaintiff's car and applied her brakes as hard as she could. The defendant was unable to stop her car and struck the rear of the plaintiff's vehicle. The defendant pleaded guilty after receiving a ticket for traveling too fast for conditions.

■ ■ The plaintiff contends that the trial court's judgment should be reversed because the evidence, when viewed in the light most favorable to the defendant, clearly establishes the defendant's negligence. In our first opinion, we examined the evidence and case law thoroughly, and determined that the inferences which might be reasonably drawn from the evidence did not so overwhelmingly favor the plaintiff that no contrary verdict could ever stand, and that the motions for a directed verdict and judgment *n.o.v.* were properly denied. (*Strasma*, 145 Ill. App. 3d at 830.) An adjudication in a prior appeal becomes the law of the case and is binding on a second appeal where there is an identity, or substantial identity, of particular issues, facts, and evidence from the first to the second appeal. (*Bartels v. McGarvey* (1947), 331 Ill. App. 275; *Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683.) Such is the situation before us.

Accordingly, our holding in the prior appeal, that the trial court's

refusal to grant the plaintiff's motions for a directed verdict and judgment *n.o.v.* was proper, is binding here.

Affirmed.

STOUDER, P.J., concurs.

PRESIDING JUSTICE BARRY, dissenting:
As I stated in my specially concurring opinion in the first appeal of this case, I believe the law of Illinois as applied to the facts of this case compels entry of a directed verdict or judgment *n.o.v.* in favor of plaintiff on the ground that defendant was negligent as a matter of law. I adhere to that view as to this appeal as well, and I would reverse and remand for a new trial on the issue of damages. I therefore dissent from the majority opinion in this cause.