THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WINSTON L.M. SENOR, Defendant-Appellant.

Fourth District   No. 4—82—0565

Opinion filed October 11, 1983.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Winston Senor, appeals from his conviction on two counts of attempt (murder) and armed robbery. The defendant argues on appeal that the trial court erred in admitting evidence of his prior conviction. We affirm.

The facts of the case are not disputed. After robbing a grocery store at gunpoint, the defendant fired two shots at the police officers who were pursuing him. The defendant admitted robbing the store and firing the shots. However, he testified that he did not intend to hit the officers when he fired at them.

The State impeached the defendant with evidence of a prior conviction. At the time the record of the earlier conviction was introduced into evidence, the defendant made no objection to its introduction. The trial court admitted the record into evidence without any comment. No post-trial motion was filed by the defendant.

The defendant now argues that the trial court committed reversible error when it admitted the prior conviction into evidence because the court did not, *sua sponte*, indicate a balancing of probity of the conviction against its prejudicial effect.

In Illinois, the rule pertaining to the use of prior convictions was set forth in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, wherein the Illinois Supreme Court adopted the proposed Federal Rule of Evidence 609. Proposed Rule 609 provided in relevant part:

" 'Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General Rule. For the purpose of attacking the credibil-

ity of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere*, is admissible but only if \*\*\* the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.' " (47 Ill. 2d 510, 516, 268 N.E.2d 695, 698.)

The court in *Montgomery* held that the admission of evidence of a prior conviction rested in the sound discretion of the court. A trial court is therefore required to weigh the probative value of the conviction against its prejudice to the defendant before admitting the conviction. *People v. Preston* (1978), 61 Ill. App. 3d 434, 378 N.E.2d 372; *People v. Monigan* (1981), 97 Ill. App. 3d 885, 423 N.E.2d 546.

However, as noted above, the defendant failed to object to the admission of his prior conviction at trial and did not file a post-trial motion. It is well established that the failure by the defendant to raise an issue in the written motion for a new trial constitutes waiver of that issue on review absent "plain error." *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

In *People v. Preston* (1978), 61 Ill. App. 3d 434, 378 N.E.2d 372, the defendant also argued that the trial court had failed to perform the *Montgomery* balancing test. The defendant Preston was impeached with his prior conviction during cross-examination. Like the defendant in the instant case, Preston failed to object to the use of his prior conviction during trial and in his post-trial motion. The *Preston* court held that the issue was therefore waived.

In reaching its decision, the *Preston* court noted that, had a timely objection been made, the trial court would have been in a position to make a ruling based on the *Montgomery* criteria. Similarly, the trial court in *People v. Monigan* (1981), 97 Ill. App. 3d 885, 423 N.E.2d 546, was given the opportunity to explain its ruling on the admissibility of a prior conviction where the defendant Monigan raised the issue in his post-trial motion.

■ In the instant case, the defendant neither objected at trial nor filed a post-trial motion. There is no "plain error" on the record before us. We therefore find that the issue of the admissibility of the defendant's prior conviction is waived.

The judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

STOUDER, P.J., and ALLOY, J., concur.