UNITED STATES of America ex rel. John HARTFIELD, Petitioner,

v.

Richard B. GRAMLEY, Warden, Pontiac Correctional Center and Roland W. Burris, Attorney General of the State of Illinois, Respondents.

No. 93 C 6972.

United States District Court, N.D. Illinois, Eastern Division.

May 31, 1994.

John Hartfield, pro se.

Terence Madsen, Illinois Atty. General's Office, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

*Pro se* petitioner John Hartfield, an Illinois state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

### I. FACTUAL HISTORY

In February 1984, petitioner was convicted of rape and aggravated battery, the latter charge merging into the former, and after a separate sentencing hearing, was found to be an habitual offender within the purview of the Illinois Habitual Criminal Act, 720 ILCS

5/33B–1. In accordance with the mandates of the statute, petitioner was sentenced to life in prison without possibility of parole. The Illinois Appellate Court affirmed this verdict in October 1985, *People v. Hartfield,* 137 Ill.App.3d 679, 92 Ill.Dec. 281, 484 N.E.2d 1136 (1985). Petitioner filed a post-conviction petition under the Illinois Post–Conviction Hearing Act, 725 ILCS 5/122–1, which the trial court denied. That decision was also affirmed on appeal. *People v. Hartfield,* 232 Ill.App.3d 198, 173 Ill.Dec. 79, 596 N.E.2d 703 (1992). Petitioner was then denied leave to appeal by the Illinois Supreme Court. *People v. Hartfield,* 146 Ill.2d 638, 176 Ill.Dec. 809, 602 N.E.2d 463 (1992).[1] Petitioner now seeks a writ of habeas corpus.

Petitioner raises three general arguments in his petition. First, petitioner claims prosecutorial misconduct denied him his constitutional right to a fair trial. He contends the misconduct occurred when the prosecutor made allegedly improper statements during closing arguments. Next, petitioner alleges the Illinois Habitual Criminal Act, which, in short, mandates a life sentence for three-time violent felony offenders, is unconstitutional. Finally, petitioner claims that both the state appellate and supreme courts' decisions were gross miscarriages of justice that violated his constitutional right to due process of law.

This court, after a thorough review of the record and pleadings, finds that petitioner has failed to present any claim meriting habeas corpus relief. Accordingly, the petition is denied.[2]

The facts are set out in the appellate court's opinion on direct review, *Hartfield,* 137 Ill.App.3d at 682–84, 92 Ill.Dec. at 283–84, 484 N.E.2d at 1138–39, and will not be fully repeated here. However, some facts are worthy of mention as background.

The complainant, a mentally handicapped woman, was entering her apartment on the afternoon of February 14, 1983. As she fumbled with the lock, she noticed petitioner was standing outside the next apartment. When the complainant finally succeeded in opening the door petitioner grabbed her, pushed her in, and raped and beat her. After the attack was completed, petitioner threatened to kill complainant if she told anyone about the attack.

Two of the complainant's neighbors testified that they had heard the complainant scream and decided to pursue the matter. One witness said she saw petitioner running from the door of complainant's apartment, and found the complainant "bleeding and disheveled." *Hartfield,* 137 Ill.App.3d at 683, 92 Ill.Dec. at 283, 484 N.E.2d at 1138. After some soothing, the complainant acknowledged that she had been raped. A second witness, who also heard the screams, encountered petitioner in a stairwell of the building. He apprehended petitioner and brought him to complainant's apartment in order to allow the complainant to identify him. However, complainant refused to identify petitioner as the rapist; subsequently, the police arrived and arrested petitioner.

At trial, the prosecutor introduced the aforementioned evidence, along with the testimony of a physician who treated the complainant following the incident. Petitioner neither testified at trial nor presented any witnesses in his defense. After he was convicted by a jury, the court proceeded to the sentencing hearing. During this phase, the prosecutor adduced testimony of two police officers and an Assistant State's Attorney, all of whom were present at petitioner's previous convictions for rape in 1974 and 1979. Additionally, the prosecution introduced certified copies of these convictions and petitioner's prison record. Petitioner was adjudged to be an habitual offender within the purview of the statute and was sentenced to natural life in prison without possibility of parole.

---

1. In the midst of petitioner's state court challenges, he filed his first habeas petition, which this court denied without prejudice for failure to exhaust state remedies. *United States ex rel. Hartfield v. Chrans,* No. 86 C 4064 (N.D.Ill. Nov. 22, 1989).

2. Petitioner has recently filed a Motion for Appointment of Counsel. However, this motion is denied as moot since, as discussed herein, petitioner's application is today denied. Additionally, petitioner's Motion for Summary Judgment is denied as moot, the court having today fully disposed of the case.

## II. *DISCUSSION*

Petitioner currently premises his petition on the following claims: (1) prosecutorial misconduct, consisting of improper statements made during closing arguments, denied him his constitutional right to a fair trial; (2) the Illinois Habitual Criminal Act is unconstitutional; (3) the Illinois Appellate Court committed a gross miscarriage of justice in violation of petitioner's constitutional right to due process of law; and (4) the Illinois Supreme Court committed a similar miscarriage of justice. Respondents contend the first two arguments have been procedurally defaulted, and, therefore, cannot be considered by this court. Furthermore, respondents claim the final two arguments are meritless.

### A. *Background Law on Procedural Bars*

A state prisoner normally must exhaust all available state judicial remedies before a federal court will hear a petition for habeas corpus. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The exhaustion doctrine, codified in 28 U.S.C. § 2254(b), gives the state the initial opportunity to correct any violations of a prisoner's federal rights. *Picard,* 404 U.S. at 275, 92 S.Ct. at 512. However, the requirement of state remedy exhaustion applies only to the remedies available at the time the petition is filed. *United States ex rel. Johnson v. McGinnis,* 734 F.2d 1193, 1196 (7th Cir.1984). Thus, a petitioner seeking habeas corpus relief that has defaulted his federal claims in the state court system has exhausted his available state remedies because those claims are no longer cognizable in the state court system. *Coleman v. Thompson,* 501 U.S. 722, 731–32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991). Here, respondents concede petitioner has exhausted all of his available state remedies.

The Supreme Court has recognized the problems that are caused when prisoners deliberately default their claims in state court. *Coleman,* 501 U.S. at 731–32, 111 S.Ct. at 2555. In response to potential problematic results, the Court has refused to allow federal courts to consider those claims procedurally defaulted in the state courts when the state court rests its decision on an independent and adequate state ground. *Id.* at 729, 111 S.Ct. at 2553–54. Procedural default can occur in several different ways at almost every stage of the proceedings in state court. *United States ex rel. Gladney v. Peters,* 790 F.Supp. 1364, 1368–69 (N.D.Ill. 1992). For example, a petitioner will forfeit the right to raise an issue that has not been raised on direct appeal, or on appeal to the state supreme court. *Nutall v. Greer,* 764 F.2d 462, 464–65 (7th Cir.1985). Furthermore, a state court's finding of waiver of a claim will act as a procedural bar to federal review if there is an adequate ground independent from federal law for the court's ruling. *See Coleman,* 501 U.S. at 729, 111 S.Ct. at 2553–54. With these principles in mind, this court addresses the procedural default arguments advanced by respondents.

### B. *Prosecutorial Misconduct Issue*

Respondents contend that petitioner procedurally defaulted on his claim that he was denied his constitutional right to a fair trial by several allegedly improper statements made by the prosecutor during his closing remarks. Petitioner failed to object to the alleged improprieties at trial or in a post-trial motion, but did raise the issue on direct review. According to Illinois law, however, petitioner was required to object at trial or in a post-trial motion in order to preserve the issue for appellate review. *People v. Jackson,* 84 Ill.2d 350, 358–59, 49 Ill. Dec. 719, 723, 418 N.E.2d 739, 743 (1981). The failure to object below to alleged errors may operate as a waiver of the right to consideration of those errors on appeal. *People v. Carlson,* 79 Ill.2d 564, 576, 38 Ill. Dec. 809, 814, 404 N.E.2d 233, 238 (1980). A federal court reviewing a state court decision is generally bound by a procedural default finding by a state court under its own laws. *White v. Peters,* 990 F.2d 338, 340 (7th Cir. 1993). However, review of the procedurally barred issue is only foreclosed if the state court's ruling was based on an independent and adequate state law ground for the decision. *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 2553–54, 115 L.Ed.2d 640

(1991). The Supreme Court held in 1989 that federal review was not barred in some instances unless the last state court to rule on the issue " ' "clearly and expressly" ' states that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (citations omitted). However, the Court later clarified that the failure of the state court to include a clear statement of the grounds does not necessarily create a presumption that the decision is based on federal grounds and is therefore reviewable. *Coleman,* 501 U.S. at 735, 111 S.Ct. at 2557 (1991). Instead, "a federal court must first ascertain that the state court decision fairly appears to rest on federal grounds or is interwoven with federal law." *Willis v. Aiken,* 8 F.3d 556, 561 (7th Cir.1993) (citing *Coleman,* 501 U.S. at 735, 111 S.Ct. at 2557), *cert. denied,* —— U.S. ——, 114 S.Ct. 1371, 128 L.Ed.2d 47 (1994).

Under *Coleman,* the first determination is whether the state court's decision fairly appears to rest on federal grounds. *Willis,* 8 F.3d at 561 (citing *Coleman,* 501 U.S. at 735, 111 S.Ct. at 2557). In this case, the Illinois Appellate Court did not expressly state that procedural default was the sole reason for its rejection of petitioner's appeal. However, it did state that petitioner's claim did not "meet the criteria necessary for review of plain errors." *Hartfield,* 137 Ill.App.3d at 687, 92 Ill.Dec. at 286, 484 N.E.2d at 1141. This finding was based on Illinois Supreme Court Rule 615(a), which provides for plain errors to be noticed when the evidence is closely balanced or a gross injustice has occurred, denying the petitioner a fair trial. 87 Ill.2d Rule 615(a). The court found neither closely balanced evidence nor improprieties sufficient to justify notice of a plain error on review. *Hartfield,* 137 Ill.App.3d at 687, 92 Ill.Dec. at 286, 484 N.E.2d at 1141. Additionally, the court noted that the arguments were not improper, or alternatively, if improper, the closing remarks were harmless error. *Id.* at 687–88, 92 Ill.Dec. at 286–87, 484 N.E.2d at 1141–42. Nowhere in its discussion of petitioner's plain error argument did the appellate court invoke any federal law in support of its denial of the contention. Conversely, the appellate court couched its discussion of the propriety of the remarks or their harmlessness in terms of state law. *Id.* Accordingly, the state decision does not fairly appear to rest on federal grounds, and the court is foreclosed from reviewing it unless petitioner can demonstrate cause and prejudice or a gross miscarriage of justice discussed below.

### C. *Constitutionality of the Illinois Habitual Criminal Act*

■ Respondent further argues petitioner has procedurally defaulted his claim that the Illinois Habitual Criminal Act, 720 ILCS 5/33B–1 through 5/33B–3, is unconstitutional. Respondents contend that petitioner waived his right to review of this federal claim by not raising it in his petition for leave to appeal to the Illinois Supreme Court. The court agrees.

In *Nutall v. Greer,* 764 F.2d 462 (7th Cir. 1985), the Seventh Circuit held a federal court was precluded from reviewing a claim that had not been brought in the state court system. *Id.* at 465. The court found a petitioner can waive his right to habeas review by failing to include the claim in his direct appeal, or by failing to seek leave to present that claim to the state supreme court. Carrying this analysis further, a district court has ruled that a petitioner waives his right to habeas review if he includes a claim on direct appeal, but excludes it in his petition for leave to appeal to. the state's highest court. *Id.* Petitioner did not seek leave to present this claim to the Illinois Supreme Court. Accordingly, petitioner is not entitled to review of this issue unless he can show either "cause and prejudice" for his failure or that a denial will be a gross "miscarriage of justice." These exceptions are discussed below.

### D. *Overcoming Procedural Default*

■ A petitioner is able to avoid preliminary denial of a habeas claim otherwise barred by procedural default in two ways. First, he may demonstrate that there was cause for the default and resulting actual prejudice. Alternatively, a petitioner can show a miscarriage of justice has occurred because of the constitutional violations.

### 1. *Cause and Prejudice*

■ It is well settled that a petitioner can overcome the effects of procedural default by showing cause for the default and actual prejudice from it. *E.g., Murray v. Carrier,* 477 U.S. 478, 491–92, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986). To demonstrate cause, a petitioner must show that counsel's efforts to comply with a procedural rule were impeded by some external factor, resulting in counsel's failure to preserve or raise the issue. *Murray,* 477 U.S. at 488, 492, 106 S.Ct. at 2645, 2647. Prejudice is established when a "reasonable probability" exists that the petitioner would have won if he had not defaulted his claims. *Belford v. United States,* 975 F.2d 310, 314 (7th Cir.1992). However, if cause is not demonstrated, a court need not examine whether there is any prejudice. *See MacDougall v. McCaughtry,* 951 F.2d 822, 825 (7th Cir.1992).

In the present case, petitioner has not mentioned any cause for his default on either issue. In the absence of such a showing, this court cannot conclude there was such cause. Accordingly, petitioner has not framed an argument adequate to allow the court to declare cause and prejudice on either of the defaulted issues.

### 2. *Miscarriage of Justice*

■ This exception to procedural default is normally considered the last resort for a prisoner attempting to overcome his procedural errors. Thus, it is only in the extraordinary case where unjust incarceration has occurred that a federal court will grant a writ of habeas corpus without the otherwise requisite "cause and prejudice" showing. *Murray,* 477 U.S. at 495–96, 106 S.Ct. at 2649.

■ Petitioner has failed to argue that a miscarriage of justice occurred as a result of the procedural default of his claim. However, his last two claims appear to be the shell of an attempt to qualify him for this exception; he merely couches his arguments in the term "miscarriage of justice." But the mere use of the term does not truly raise the issue. Petitioner has not seriously attempted to demonstrate that the alleged violations have resulted in an innocent man's conviction. Accordingly, this court cannot consider petitioner's defaulted claim since petitioner has not established a fundamental miscarriage of justice.

Petitioner also makes general claims of due process violations by both the Illinois Appellate Court and Illinois Supreme Court. However, petitioner has chosen to support these contentions with only the blanket allegation that a miscarriage of justice occurred, a conclusory statement that does not warrant granting a writ or a hearing thereon.

### *CONCLUSION*

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is denied with prejudice. Petitioner's Motion for Appointment of Counsel is denied as moot. Petitioner's Motion for Summary Judgment is denied as moot.