**UNITED STATES of America, ex rel. Howard WILLIAMS, Plaintiff,**

v.

**Richard McVICAR, et al., Defendant.**

No. 95 C 2677.

United States District Court,
N.D. Illinois,
Eastern Division.

March 12, 1996.

---

Howard Williams, Chicago, IL, pro se.

Arleen C. Anderson, Attorney General's Office, Chicago, IL, for Richard D. McVicar, Attorney General of Illinois.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the petition of Howard Williams ("Williams") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This is Williams' second habeas petition. For the following reasons, the petition is denied.

## I. BACKGROUND

In a bench trial, Williams was convicted of murder, attempted murder, and armed robbery and was sentenced to concurrent terms of thirty years each. In a direct appeal, Williams asserted that he was denied his constitutional right to a fair trial when he was denied an opportunity to confront witnesses. Williams' convictions were affirmed by both the Illinois appellate and supreme courts.

On March 14, 1986, Williams filed his first federal habeas petition. In the petition, he alleged three issues: (1) the appellate court erred in not granting him a new trial when he was denied his constitutional right to confront the victim; (2) that he was not proven guilty beyond a reasonable doubt; and (3) that his counsel was prevented from conducting a full cross-examination of the victim. On February 26, 1988, this court denied the petition for writ of habeas corpus.

The United States Court of Appeals for the Seventh Circuit affirmed the district court's judgment. Williams petitioned for a rehearing and the court denied his petition on January 4, 1990. Williams then filed an untimely "Motion for Leave to File a Petition for Leave to Appeal" with the Illinois Supreme Court. This motion was denied and Williams' claims were never presented to the state's highest court.

Thereafter, Williams filed a petition for post-conviction relief alleging that he was denied effective assistance of counsel when his attorney (1) failed to present witnesses who would have corroborated Williams' testimony that the victim did not know what occurred, intentionally misidentified Williams as one of the assailants, and (2) failed to elicit information about the victim which would have challenged her credibility. Williams' petition for post-conviction relief was dismissed by the Circuit Court of Cook County, and the Appellate Court of Illinois affirmed that decision. Williams then requested a rehearing in the appellate court which the court denied. As a result, Williams filed a Petition for Leave to Appeal to the Illinois Supreme Court; that petition was denied on February 23, 1995.

Williams filed this petition for writ of habeas corpus on May 3, 1995 and raised four issues: (1) the Illinois Appellate Court did not address the issue of the trial court's failure to grant Williams an evidentiary hearing on his post-conviction petition where it raised a viable constitutional question but instead adjudicated the merits of the issue which constituted a reversible error; (2) Williams was denied his constitutional right to present witnesses to establish his defense in violation of the Sixth and Fourteenth Amendments; (3) Williams' right to effective assistance of counsel under the Sixth Amendment was violated because the offer of proof given by Williams' attorney did not include facts which would have changed the results of the trial or appeal; and 4) Williams was denied effective assistance of counsel where trial counsel failed to introduce crucial infor-

mation about the complainant's background that would have challenged her credibility.

## II. DISCUSSION

■ In order for Williams' habeas corpus claim to be considered by this court, the claim must be cognizable under federal habeas review. To be entitled to federal habeas relief, Williams must establish that he is being held in violation of the United States Constitution or the laws or treaties of the United States. *Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir.1990). Williams fails to state a constitutional violation in his habeas petition.

### A. Appellate Court Error

■ Williams' first argument, that the Illinois Appellate Court erred when it affirmed the dismissal of his post-conviction petition, is not cognizable under federal habeas review. To be considered by this court, a habeas petition must be limited to the review of a state court conviction in violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). A state violating its own laws does not elevate state law into constitutional law. *Reed v. Clark*, 984 F.2d 209, 210 (7th Cir.1993). It is not the province of a federal habeas court to reexamine state court determinations of state law questions. *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984). *See also, e.g., Gilmore v. Taylor*, 508 U.S. 333, 340–45, 113 S.Ct. 2112, 2117–19, 124 L.Ed.2d 306 (1993); *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Williams' argument involves whether the affirmance by the appellate court of the dismissal of his post-conviction petition was proper under state law. Whether a post-conviction petition makes the requisite showing of a deprivation of a constitutional right is a question involving the application and interpretation of state law. *Id.* In Williams' case, the Appellate Court's finding that neither the submitted affidavit nor the petition

provides any basis to grant post-conviction relief where both refer to collateral matters is a question of state law. Therefore, Williams' attempt to state a federal habeas violation based on a denial of his post-conviction petition does not raise a constitutional argument and the claim is not cognizable by this court.

### B. Right to Present Witnesses

Williams' second argument, that he was denied his constitutional right to present witnesses in violation of the Sixth and Fourteenth Amendments, has two prongs. First, Williams claims that he was denied effective assistance of counsel because his co-defendant, Carl Smith ("Smith"), should have been allowed to testify, but was prevented from doing so because Williams' attorney did not properly present his case. Second, Williams asserts that the trial court erred when it disallowed cross-examination of the victim regarding misidentification of Smith as a collateral matter.

#### 1. Procedural Default

■ Regarding both of Williams' assertions, respondent argues that Williams has procedurally defaulted the claims. The court agrees. The Court set forth the procedural default analysis in *United States ex rel. Eugene Fonza v. Welborn*, No. 93 C 7208, 1994 WL 695502, at *1 (N.D.Ill. Dec. 7, 1994):

Before a federal court may reach the merits of a petition for a writ of habeas corpus, it must ascertain whether the petitioner has satisfied two procedural requirements. *Jones v. Washington*, 15 F.3d 671, 674 (7th Cir.1994). Failure to satisfy either requirement results in procedural default. *McFarland v. Scott*, [—— U.S. ——, ——] 114 S.Ct. 2568, 2572 [129 L.Ed.2d 666] (1994). The first procedural requirement is that of exhaustion. 28 U.S.C. Sec. 2254(b); *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir.1994) (stating that exhaustion is the threshold question in every habeas case). Out of a concern for federal-state comity, the federal courts require petitioners to give state courts an opportunity to consider petitioners' constitutional claims first. *Jones*, 15 F.3d at 674; *Verdin v. O'Leary*, 972 F.2d 1467, 1473 (7th

Cir.1992). It is incumbent on the petitioner to exhaust all possible state remedies before he may entertain a petition for habeas corpus relief. *Casitlle [Castille] v. Peoples,* [489 U.S. 346] 109 S.Ct. 1056 [103 L.Ed.2d 380] (1989); *Jones,* 15 F.3d at 674. The second procedural requirement is that of waiver, providing that before a federal court will consider the issues raised in the petition, the petitioner must have first raised those issues during the course of the state court proceedings. *Wainwright v. Sykes,* 433 U.S. 72 [97 S.Ct. 2497, 53 L.Ed.2d 594] (1977); *Jones,* 15 F.3d at 674. The substance of a federal claim must first be presented to the state courts. *Id.* "[A] convicted state prisoner who fails to seek leave to present to the highest state court the constitutional objections that form the basis of his federal habeas petition waives his objections unless he can show cause for his default and prejudice from the alleged constitutional infirmities." *Nutall v. Greer,* 764 F.2d 462, 465 (7th Cir.1985). "The failure to present constitutional claims before the highest state court will result in a procedural default of those claims unless the petitioner can show cause and prejudice." *Mason v. Gramley,* 9 F.3d 1345, 1348 (7th Cir.1993). Moreover, in *Mason,* the Seventh Circuit expressly held that a petitioner must raise all federal constitutional claims, not only to the Illinois Appellate Court when that court was the last to render an opinion, but also to the Illinois Supreme Court in the petition for leave to appeal. *Id.; United States ex rel. Hartfield v. Gramley,* 853 F.Supp. 289, 292 (N.D.Ill.1994). Failure to raise certain issues in the petition for leave to appeal results in procedural default. *Mason,* 9 F.3d at 1348.

*Id.* slip op. at 3–4.

■ A habeas petitioner is required to "fairly present" federal constitutional claims to the state courts before a federal court may review those claims *Armstrong v. Young,* 34 F.3d 421, 425 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1369, 131 L.Ed.2d 224 (1995). Fair presentation contemplates that "both the operative facts and the 'controlling legal principles' must be submitted" to the state court. *Verdin,* 972 F.2d at 1474 (quoting *Picard v. Connor,* 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)).

■ In the case at bar, neither of Williams' arguments regarding the denial of his constitutional right to present witnesses were raised by Williams on his direct appeal to the Illinois Appellate Court. Williams also failed to raise these claims in a petition for leave to appeal to the state's highest court pursuant to *Nutall.* Thus, because Williams failed to exhaust his state remedies, he is procedurally barred from raising either claim in a subsequent habeas proceeding.

■ A petitioner, however, may be accorded an exception to procedural default if he can show cause for his default and prejudice from it. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). *See Fonza,* 1994 WL 695502, at *2 (citing *Johnson v. Gilmore,* 860 F.Supp. 1291, 1295–96 (N.D.Ill.1994) and *Hartfield v. Gramley,* 853 F.Supp. 289, 292 (N.D.Ill.1994)). Williams, through his petition and Smith's affidavit, however, fails to show cause for, or prejudice from, his inability to appropriately raise these claims. Accordingly, Williams may not avail himself of the exception to procedural default.

### 2. Abuse of the Writ

■ Williams ineffective counsel claim should also be dismissed with prejudice on the grounds that Williams has abused the writ. The law disfavors successive habeas petitions; and while courts should consider them only in rare instances, courts do possess the discretion to entertain successive petitions. *Jacks v. Duckworth,* 857 F.2d 394, 399 (7th Cir.1988). Under the rules governing habeas petitions, a district court may dismiss a second or successive petition if (1) it fails to allege new or different grounds for relief and the prior determination was on the merits, or (2) if new and different grounds are alleged and the court finds that failure to assert those grounds in a prior petition constituted an abuse of the writ. 28 U.S.C. § 2254; Rule 9(b).

■ If a prisoner deliberately withholds one of two grounds for federal collater-

al relief at the time of filing his first application (perhaps in the hope of being granted two hearings rather than one) he may be deemed to have waived his right to a hearing on a second application which presents the withheld ground. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). A petitioner may abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise the issue earlier was deliberate. *McCleskey v. Zant,* 499 U.S. 467, 489, 111 S.Ct. 1454, 1467–68, 113 L.Ed.2d 517 (1991). Whether a petition should be dismissed as an abuse of the writ is a matter within the discretion of the trial court. *Sanders,* 373 U.S. at 18, 83 S.Ct. at 1078–79.

■ The government bears the initial burden of raising the abuse of writ issue. *Johnson v. Dugger,* 911 F.2d 440, 478 (11th Cir.1990) (citing *Price v. Johnston,* 334 U.S. 266, 291–92, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948)). Once the government has raised the issue, the burden shifts to the petitioner, who must prove by a preponderance of the evidence that he has a justifiable excuse for failing to raise the claim in a previous petition. *Johnson,* 911 F.2d at 479; *U.S. ex rel. Hanrahan v. Gramley,* 664 F.Supp. 1183, 1190–91 (N.D.Ill.1987). The petitioner should be given a reasonable opportunity to explain why these grounds were not raised in a previous petition. *Robinson v. Fairman,* 704 F.2d 368, 370 (7th Cir.1983).

■ In the case *sub judice,* Williams has abused the writ by raising his ineffective assistance of counsel claim. The government has properly raised the question of abuse of the writ by pointing out that Williams' first habeas petition raised three issues: (1) that the appellate court erred in not granting Williams a new trial after he was denied his constitutional right to confront the victim; (2) that he was not proven guilty beyond a reasonable doubt; and (3) that trial counsel was prevented from conducting a full cross-examination of the victim. The first petition was denied on February 26, 1988. Therefore, because Williams did not assert in his first petition that he was precluded from corroborating a defense by not presenting Smith as a witness, the claim is now abusive. Furthermore, Williams fails to present any justification or analysis of cause and prejudice which would excuse his failure to present the asserted issues in his first habeas petition. Thus, Williams has failed to meet his burden of proving that this claim is not abusive by a preponderance of the evidence.

■ As stated above, a district court may dismiss a second or successive petition if it finds that the petition fails to allege new or different grounds for relief and the prior determination was on its merits. Rule 9(b); 28 U.S.C. § 2254. When a second habeas petition is filed that raises grounds which were raised before, it should be dismissed if the grounds were determined adversely to the petitioner in the prior petition. If the prior determination was on the merits, the ends of justice would not be served by reaching the merits again. *Sanders v. United States,* 373 U.S. 1, 10, 83 S.Ct. 1068, 1074, 10 L.Ed.2d 148 (1963). Finally, a federal court should entertain a successive petition only when the petitioner supplements his constitutional claim with a "colorable showing of factual innocence." *Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986).

### B. Ineffective Assistance of Counsel

■ In his first habeas petition, Williams argued that he was denied a fair trial because the court precluded his attorney from impeaching the victim regarding her misidentification of Smith. In essence, that previous claim is the same as Williams' current assertion that his attorney failed to present a proper case. The underlying issue in both claims is that Carl Smith should have been allowed to testify before the finder of fact. Williams' two habeas petition claims that his counsel failed to present a proper case, therefore, could be found to assert the same claim.

In the case *sub judice,* Williams' ineffective assistance of counsel claim must be dismissed under the doctrine of successive petitions where the claim is construed to be the same claim raised in his first habeas petition. Williams' first habeas petition was dismissed

on the grounds of procedural default and there is no need for the court to reexamine previously dismissed issues. Furthermore, Williams' offer of Smith's affidavit and this habeas petition proves inadequate to establish a "colorable showing of factual innocence." *See Kuhlmann,* 477 U.S. at 454, 106 S.Ct. at 2627. Smith's affidavit applies only to the victim's mistaken identification of Smith and her relationship with Smith. The affidavit pertains solely to a collateral matter that does not impact upon Williams' conviction. Therefore, Williams fails to achieve a threshold showing of innocence and his ineffective assistance of counsel claim is dismissable under the doctrine of successive petitions.

█ The second prong of Williams' denial of his right to present witnesses argument, that the trial court erred when it disallowed cross-examination of the victim regarding misidentification of Smith, is also dismissed as successive. As noted above, when a second habeas petition is filed that raises grounds which were raised before, it should be dismissed if the grounds were determined adversely to the petitioner in the prior petition. *Sanders v. United States,* 373 U.S. 1, 10, 83 S.Ct. 1068, 1074, 10 L.Ed.2d 148 (1963). Williams asserts in his current habeas petition that he was not allowed to conduct full cross-examination of the victim regarding her misidentification of Smith. This court rejected Williams' assertion in his prior habeas petition. Because Williams raised this claim previously and it was procedurally defaulted, the doctrine of successive petitions bars this contention from further review.

█ Next, Williams claims that he was denied effective assistance of counsel when his attorney did not present a proper case. The United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), addressed the question of what constitutes ineffective assistance of counsel. Under the two pronged test, Williams carries a heavy burden to establish (1) that his counsel's performance was so deficient as to be objectively unreasonable, and (2) that there exists a reasonable probability that, but for the errors of counsel, the result of the proceedings would have been

different. *Id.* at 687, 104 S.Ct. at 2064. Furthermore, trial strategy is not a viable subject for review by this, or any other, court. *Bergmann v. McCaughtry,* 65 F.3d 1372, 1380 (7th Cir.1995). There exists a strong presumption that a criminal defendant's counsel provided reasonable professional assistance, which a defendant mounting an ineffective assistance of counsel challenge must overcome. *Kubat v. Thieret,* 867 F.2d 351, 359 (7th Cir.1989). The court's review of the record and of Smith's aforementioned affidavit does not reveal any basis for overcoming the strong presumption of attorney competence.

█ Williams' next argument is that he was denied his right to effective assistance of counsel, in that the offer of proof given by his attorney did not include facts which would have changed the results of the trial. However, Williams could have argued this point in his first habeas petition but did not. He also fails to present any justification or analysis of cause and prejudice, which could excuse his failure to present the asserted issue in his first habeas petition. Williams, therefore, falls short of meeting his burden of proving by a preponderance of the evidence that this claim is not abusive. The court therefore concludes that this claim is an abuse of the writ and summarily dismisses the claim.

Williams' argument that he was denied effective assistance of counsel is also dismissable on the basis of the *Strickland* analysis. As noted above, Williams carries a heavy burden to establish that (1) his counsel's performance was so deficient as to be objectively unreasonable and (2) that there exists a reasonable probability that, but for the errors of counsel, the result of the proceedings would have been different. *Strickland,* at 687, 104 S.Ct. at 2064. There exists a strong presumption that a criminal defendant's counsel provided reasonable professional assistance, which a defendant mounting an ineffective assistance of counsel challenge must overcome. *Kubat v. Thieret,* 867 F.2d 351, 359 (7th Cir.1989). Again, this court's review of the record and of Smith's affidavit reveals no basis for over-

coming the strong presumption of attorney competence.

A defendant must demonstrate that counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. Review of this first prong contemplates deference to strategic decision-making and an evaluation of counsel's decisions from counsel's perspective at the time the decisions were made. *Id.* at 689–91, 104 S.Ct. at 2065–66.

Williams contends that he was denied effective counsel because his attorney failed to present information about the victim's background that would have challenged her credibility. Specifically, Williams believes his attorney should have informed the finder of fact (1) that Williams had been introduced to the victim by her "pimp"; and (2) that the victim smoked marijuana and used cocaine on a regular basis. Williams asserts that trial counsel's failure to introduce these allegations was ineffective assistance of counsel. Again, in order to succeed on the ineffective assistance of counsel claim, Williams must meet the *Strickland* standard. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 698, 104 S.Ct. at 2070. Again, this court's review of the record reveals no basis for overcoming the strong presumption of attorney competence. Again, because presentation of this information was most likely based on strategy, Williams has not overcome the strong presumption in favor of attorney competence. A defendant must demonstrate that counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. Review of this first prong contemplates deference to strategic decision-making and an evaluation of counsel's decisions from counsel's perspective at the time the decisions were made. *Id.* at 689–91, 104 S.Ct. at 2065–66.

### C. Failure to Hold Evidentiary Hearing

Williams also alleges in his third argument that the trial court erred in dismissing his post-conviction petition without first holding an evidentiary hearing. This claim is not cognizable in a federal habeas proceeding. Habeas relief is only available when there is a violation of federal statutory or constitutional law. *Haas v. Abrahamson,* 910 F.2d 384, 389 (7th Cir.1990). Under Illinois law, however, the right to post-conviction relief is provided by statute. 725 ILCS 5/122–4 (formerly Ill.Rev.Stat.1991, ch. 38, par. 122–4). Furthermore, a trial court's discretion not to hold an evidentiary hearing will not be reversed absent an abuse of discretion. *People v. Pasch,* 152 Ill.2d 133, 159, 178 Ill.Dec. 38, 604 N.E.2d 294 (1992). In the case *sub judice,* the trial court, under the authority of state law, denied Williams an evidentiary hearing. This denial did not constitute a federal violation. Moreover, there was no abuse of discretion in Williams' case where the Appellate Court examined the petition and Smith's affidavit to determine if the evidence made a substantial showing that Williams' constitutional rights were violated and found no issues to warrant a hearing. Accordingly, the claim is uncognizable in a habeas review and is dismissed.

### 1. Procedural Default

As previously noted, where a petitioner does not bring a claim either on direct appeal or in a petition for leave to appeal before the state's highest court, he is barred from raising the claim in a subsequent habeas petition unless he can demonstrate both cause for the procedural default and actual prejudice. *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). Again, Williams presents no analysis of cause and prejudice for not raising this issue with the state's highest court and his claim is procedurally defaulted.

### 2. Abuse of Writ

This court also rejects Williams' argument that he was denied his right to effective assistance of counsel when his attorney failed to challenge the victim's credibility on the grounds that it is an abuse of the writ. Again, Williams failed to argue this point in his first habeas petition pursuant to Rule 9(b). Rule 9(b); 28 U.S.C. § 2254. He again fails to present any justification or

analysis of cause and prejudice which would excuse his failure to present the asserted issue in his first habeas petition. Williams, therefore, has not met his burden of proving by a preponderance of the evidence that this claim is not abusive. Accordingly, this claim is dismissed.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.